IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER JOHNSON, )<br>No. Y29491, )<br>)<br>         Plaintiff, )<br>)<br>vs. )<br>)<br>LT. KERSTEN, et al., )<br>)<br>         Defendants. ) | Case No. 18-cv-1436-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Tyler Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Lawrence Correctional Center ("Lawrence"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Because Plaintiff is a prisoner, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff also filed a Motion for Leave to proceed *in Forma Pauperis* ("IFP") (Doc. 2). IFP proceedings are subject to dismissal on the same grounds. 28 U.S.C. § 1915(e)(2)(B).

In this case, Plaintiff's allegations cannot survive a review for factual frivolity. Accordingly, the Complaint must be dismissed pursuant to Sections 1915(e)(2)(B)(i) and 1915A(b).

**Factual Frivolity Standard**

A claim is factually frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33

1

(1992). *See also Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 774 (7th Cir. 2002) (a suit may be dismissed as factually frivolous where the allegations are so "nutty" or "delusional" that "they're unbelievable"). When the factual allegations are incredible, the suit may be dismissed without an evidentiary hearing. *Gladney,* 302 F.3d at 774. Further, in evaluating whether a complaint is factually frivolous, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 34. Instead, the court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

## **The Complaint**

According to the Complaint, eighteen different officials (medical staff and guards at a jail, various police officers, a Sheriff, and an Illinois Assistant State's Attorney) at four different facilities or agencies (the Jackson County Jail, the Arnold, Missouri Police Department, the Carbondale, Illinois Police Department, and the Illinois State's Attorney's Office) are participants in a vast conspiracy to frame Plaintiff for a crime he did not commit. (Doc. 1, pp. 5-17). According to the Complaint, between February 2018 and May 2018, Defendants coordinated efforts to poison Plaintiff's food and beverages. Defendants allegedly placed animal feces and biological toxins in Plaintiff's food and water. Defendants also contaminated Plaintiff's food with a "truth serum" (sodium pentothal) and "speed" (ephedrine). Defendants allegedly caused Plaintiff to ingest the truth serum and speed in order to frame him and force him to talk. Defendants then "recorded [his] schizophrenic outbursts." These recordings were subsequently altered in various ways to frame Plaintiff and/or to cover-up police misconduct. Plaintiff also claims that various officials disclosed the PIN number for his telephone account. As a result, other inmates placed phone calls on Plaintiff's telephone account and made

incriminating statements, thereby framing Plaintiff. Plaintiff further alleges that various officials threatened him with physical harm, subjected him to sleep deprivation (using speed and truth serum), and plotted to murder him (using nitroglycerine, arsenic, biological agents, speed, truth serum, an unidentified medicine, and other "poisonous substances"), all in an effort to frame Plaintiff and/or force him to submit to a wrongful prosecution. Finally, Plaintiff claims that Defendants covered up their egregious conduct and worked together to fabricate evidence against him in his criminal proceeding.

## Discussion

This action must be dismissed because Plaintiff's allegations are utterly fantastic. Courts are duty bound to screen *pro se* prisoner complaints to make sure the complaint isn't so irrational or delusional as to be a waste of time for all involved. *Dix v. Unknown TSA Agent No. 1*, 588 F. App'x 499 (7th Cir. 2015). The allegations in Plaintiff's complaint clearly cross that line. Plaintiff alleges that eighteen different officials working at different facilities and agencies participated in a vast conspiracy to frame him and/or force him to submit to a wrongful prosecution. These officials allegedly contaminated Plaintiff's food with truth serum, speed, and various poisons, all in an effort to elicit false incriminating statements from Plaintiff and/or as part of a coordinated effort to murder him. These allegations are delusional, irrational, and wholly incredible.

The Court further notes that, even if the Complaint were not factually frivolous, it would still be subject to dismissal. The fundamental theory underlying Plaintiff's requests for damages is that his underlying conviction is the result of a conspiracy and is based on falsified evidence. Thus, even if Plaintiff's claims were not factually frivolous, they would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (civil rights action for damages for allegedly

unconstitutional conviction or imprisonment cannot be maintained unless the judgment of conviction has first been reversed, expunged or declared invalid).

**Disposition**

This action is **DISMISSED with prejudice** as factually frivolous. Plaintiff's Motion for Leave to proceed *in Forma Pauperis* (Doc. 2) is **DENIED.** Plaintiff's Motion for Recruitment of Counsel (Doc. 3) and Motion for Service of Process at Government Expense (Doc. 4) are **DENIED as moot.**

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

DATED:  August 24, 2018

                                                                        _____
                                                                        **NANCY J. ROSENSTENGEL**
                                                                        **United States District Judge**